# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ARMENTA, JR., | CASE NO. 1:11-cv-00558-SMS |
| Plaintiff, | |
| v. | ORDER GRANTING LAW OFFICES OF ROHLFING & KALAGIAN, LLP, LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 11) |

On October 13, 2011, the Law Offices of Rohlfing & Kalagian, LLP, counsel for Plaintiff, moved to withdraw as counsel, stating that it has been unable to obtain Plaintiff's consent for withdrawal and that it believed further prosecution of the claim might violate F.R.Civ.P. 11. The Court heard the motion on December 21, 2011. Marc V. Kalagian appeared as counsel to Plaintiff; Odell Grooms represented the Commissioner. Plaintiff Frank Armenta, Jr., accompanied by his sister, Michelle Allread, appeared on his own behalf. Having considered the matters addressed at the hearing and all written materials submitted, the Court grants counsel's motion to withdraw.

Federal Rule of Civil Procedure 11(b) provides that, by presenting pleadings to the Court, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1. [the claim] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

///

1

    2.    the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    3.    the factual contentions have evidentiary support or, if specifically so identified, will likely have reasonable support after a reasonable opportunity for further investigation or discovery; and

    4.    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information."

Violations of the certification may result in various sanctions set forth in F.R.Civ.P. 11(c). For this reason, having concluded that it cannot make the certifications set forth in Rule 11(b), counsel seeks to withdraw from representation in this case.

Local Rule 83-182(d) provides, in pertinent part, "Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. California's rules require the notice of motion and declaration to be served on the client and all other parties who have appeared in the case. CRC 3.1362(d). The Declaration of attorney Marc V. Kalagian as well as the proof of service of the motion to withdraw as counsel (Doc. 11) document that the Law Offices of Rohlfing & Kalagian, LLP, has served all parties, including Plaintiff, with all required documents.

Accordingly, the Court hereby ORDERS

1. The motion by the Law Offices of Rohlfing & Kalagian, LLP, to withdraw as counsel for Plaintiff is hereby granted.

2. Law Offices of Rohlfing & Kalagian, LLP, shall serve Plaintiff with a copy of the order within ten days of this order. A copy of the order shall also be mailed to Michelle Allread, 1719 Ashcroft Avenue, Clovis, California 93611.

3. Law Offices of Rohlfing & Kalagian, LLP, shall send the agency record and all other documents composing Plaintiff's file to Plaintiff, in care of Michelle Allread, within ten days of this order.

4. Plaintiff may elect to proceed with this case *in propria persona* (representing himself) or may elect to retain other counsel.

///

5. The scheduling order is amended to provide that Plaintiff's opening brief shall be due on or before February 29, 2012.

6. In the event the Plaintiff decides not to proceed with his case, he may file a motion with the Court for dismissal of the case. If, on March 1, 2012, Plaintiff has neither filed an opening brief nor requested an extension of time in which to file his opening brief, this Court may dismiss this case for failure to prosecute without further notice to Plaintiff.

IT IS SO ORDERED.

Dated:   December 21, 2011                          /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE