UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK ARMENTA, JR., | ) | 1:11-cv-00558-SMS |
| | ) | |
| Plaintiff, | ) | **INFORMATIONAL ORDER** |
| | ) | **FOR PRO SE LITIGANTS** |
| v. | ) | |
| | ) | **ORDER DIRECTING CLERK TO** |
| MICHAEL J. ASTRUE, | ) | **SERVE PLAINTIFF AS** |
| Commissioner of Social | ) | **SPECIFICALLY DIRECTED** |
| Security, | ) | |
| | ) | **Plaintiff's Opening** |
| Defendant. | ) | **Brief Deadline: 2/29/12** |
| | ) | |

Plaintiff is proceeding pro se in this action seeking judicial review of an administrative decision of the Commissioner of Social Security that denied, in whole or in part, plaintiff's claim for benefits under the Social Security Act.

**This order provides the following helpful information, and basically serves as a guide, for pro se litigants. It is strongly suggested that plaintiff read and re-read this order and keep it readily available for reference.**

///
//
/

1

1  Pursuant to the Scheduling Order (Doc. 6), within **one hundred twenty (120) days** after service of the complaint, defendant is required to serve a copy of the administrative record on plaintiff and also file or lodge the administrative record with the Court, which <u>serves as defendant's answer to the complaint in this proceeding</u>. On August 26, 2011, defendant filed the administrative record (Doc. 10).

Therefore, plaintiff's opening brief *must* be filed and served no later than **ninety-five (95) days** after the administrative record is lodged with the court, or by December 1, 2011. However, on December 22, 2011, the Court granted plaintiff until February 29, 2012, by which to file his opening brief (Doc. 14).

Therefore, **plaintiff shall file his opening brief by February 29, 2012, with or without the assistance of legal counsel**, utilizing the following guidelines:

<u>Plaintiff's Opening Brief</u>

Plaintiff *must* serve a copy of the opening brief on <u>all</u> the attorneys listed for defendant on the court docket of the case at the addresses noted on the court docket as follows:

> **Leo R. Montenegro**
> SSA Office of the General Counsel
> Office of General Counsel
> 333 Market Street, Suite 1500
> San Francisco, CA 94105
> 415-977-8943
>
> **Alyson A. Berg**
> United States Attorney's Office
> 2500 Tulare Street, Suite 4401
> Fresno, CA 93721
> 559-497-4000

//
/

Plaintiff *must* also file the original opening brief, together with a copy, with the Court, by either personal delivery or via U.S. mail to:

>Office of the Clerk
>United States District Court
>Eastern District of California
>2500 Tulare Street, Suite 1501
>Fresno, CA 93721

Plaintiff's opening brief *must* contain the following:

**(1)** a plain description of plaintiff's alleged physical or emotional impairments, when plaintiff contends they became disabling, and how they disabled plaintiff from work;

**(2)** a summary of the administrative proceedings before the Social Security Administration;

**(3)** a summary of the relevant testimony at the administrative hearing;

**(4)** a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

**(5)** a recitation of the Social Security Administration's findings and conclusions relevant to plaintiff's claims;

**(6)** a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

**(7)** argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact *must* be accompanied by citations to the administrative record.  Argument in support of each claim of

error *must* be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.  <u>Briefs that do not substantially comply with these requirements will be stricken</u>.  A document that is stricken becomes null and void and is not considered by the Court for any purpose.

<u>Plaintiff is further advised that failure to timely file an opening brief will result in dismissal of the action</u>.

### Defendant's Brief

Pursuant to the Scheduling Order, defendant's responsive brief is due filed and served on plaintiff within **thirty (30) days** from the date of service of plaintiff's opening brief on defendant.

### Plaintiff's Reply Brief

Plaintiff may file a reply brief, <u>but is not required to do so</u>, within **fifteen (15) days** from the date defendant served its responsive brief on plaintiff.  Plaintiff *must* serve a copy of the reply brief on defendant by serving the United States Attorney for the Eastern District of California at the address in Fresno, CA, noted above.  Plaintiff *must* also file the original reply brief, together with a copy, with the Court at the Court's address in Fresno, CA, noted above.

Plaintiff's reply brief should respond to the arguments made in defendant's responsive brief.

### The Court's Decision on the Merits

The Court will consider the merits of the case only after <u>all</u> briefs have been filed, and may enter a judgment affirming, modifying, or reversing the determination of the Social Security

4

Administration.  The Court may or may not remand the case to the Social Security Administration for a further hearing.

### Rules for Litigating the Action

In litigating this action, the parties *must* comply with the Federal Rules of Civil Procedure (Fed.R.Civ.P.), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules").  The Local Rules may be found on court's website at www.caed.uscourts.gov.

Local Rule 206 is a special rule for social security actions.  Specifically (a)(2) generally states that complaints *shall* contain the last four digits of plaintiff's social security number *only*, i.e., XXX-XX-1234, and that plaintiff shall privately disclose to defendant, within **five (5) days** after a request is made to plaintiff, the full social security number of plaintiff.

Therefore, plaintiff shall refrain from disclosing the entire social security number on any filings.

FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS.  See Local Rule 110; Fed.R.Civ.P. 41(b).

Documents intended to be filed with the Court *must* be mailed to the Clerk of the Court in Fresno, CA, at the address noted above.  See Local Rule 134(a).  All documents inappropriately mailed directly to a judge's chambers will be stricken from the record.  A document requesting a court order *must* be styled as a motion, not a letter.  See Fed.R.Civ.P. 7.

//

5

Each document submitted for filing *must* include the original signature of the filing party or parties. Local Rule 131; Fed.R.Civ.P. 11(a). <u>All documents submitted without the required signature(s) will be stricken</u>. Each separate document *must* be separately stapled. <u>See</u> Local Rule 130. If a document is stapled behind another document, it will not be filed and will not enter the court docket.

All documents filed with the Court *must* be submitted with an additional legible copy to be conformed for the Court's use. <u>See</u> Local Rule 133(d)(2). <u>A document submitted without an extra copy for the Court's use will be stricken</u>. If the filing party wishes the Court to return a file-stamped copy, an additional copy *must* be provided for that purpose (i.e., an original and two copies, one for the Court's use and one to be returned to the filing party), together with a self-addressed, stamped envelope. <u>The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis</u>. Copies of documents from the Court's file may be obtained in the Clerk's Office at the cost of fifty ($.50) cents per page.

After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court *must* include a proof of service stating that a copy of the document was served on the opposing party. *See* 28 U.S.C. § 1746; F.R.Civ.P. 5; Local Rule 135. **A document submitted without the required proof of service will be stricken**. Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

6

A pro se party has an affirmative duty to keep the Court and opposing parties apprised of a current address. If plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice. See Local Rule 182(f). If mail directed to plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it. <u>If plaintiff's address is not updated, in writing, within **sixty (60) days** of mail being returned, the action will be dismissed for failure to prosecute</u>. See Local Rule 183(b).

Finally, the Clerk of Court is DIRECTED to specifically serve Plaintiff as follows:

>  Frank Armenta, Jr.
>  4485 E. Indianapolis
>  Fresno, CA 93726
>
> C/O Frank Armenta, Jr.
>  Michelle Allread
>  1719 Ashcroft
>  Clovis, CA 93611

IT IS SO ORDERED.

Dated: December 22, 2011         /s/ Sandra M. Snyder
                      UNITED STATES MAGISTRATE JUDGE